IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| B&B TEXAS EQUIPMENT LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-00911-JD |
| | ) |
| SJ McKEE, individually; | ) |
| USA AIRCRAFT BROKERS, INC.; | ) |
| and AERO-SPACE REPORT, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendant SJ McKee's ("McKee") Amended Motion to Vacate Default Judgment [Doc. No. 19] and Plaintiff B&B Texas Equipment, LLC's Motion for Default Judgment against McKee [Doc. No. 23]. B&B filed a response in opposition to the Motion to Vacate [Doc. No. 22]. Defendant Aero-Space Reports, Inc. ("Aero-Space") also filed a response to dispute certain factual allegations made by McKee in the Motion to Vacate [Doc. No. 21]. Aero-Space does not, however, oppose the relief sought by McKee.

## BACKGROUND

B&B filed this suit on October 20, 2022, asserting claims against McKee, Aero-Space, and USA Aircraft Brokers, Inc. arising out of an attempted sale of an aircraft. [Doc. No. 1]. The Court issued an order directing B&B to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Order [Doc. No. 3]. B&B then filed an Amended Complaint [Doc. No. 6] on November 15, 2022, which cured

deficient allegations of subject matter jurisdiction.

The parties agree that B&B served McKee with the Complaint on November 13, 2022. *See* Proof of Service [Doc. No. 5]; [Doc. No. 19 ¶¶ 4, 7]. McKee's deadline to answer or otherwise respond was therefore December 5, 2022. McKee, however, missed this deadline, and B&B moved for entry of default on December 8, 2022. [Doc. No. 14]. Pursuant to Federal Rule of Civil Procedure 55(a), and due to McKee's failure to plead or otherwise defend, the Clerk of Court entered McKee's default on December 27, 2022. Entry of Default [Doc. No. 15].

On January 4, 2023, McKee filed the Amended Motion to Vacate, explaining that McKee mistakenly communicated to McKee's counsel that service occurred on November 20, 2023, a week later than the date indicated on the Proof of Service [Doc. No. 5]. McKee explains that McKee's counsel, operating under the mistaken belief that service was completed on November 20, intended to file a motion challenging jurisdiction and venue on December 12, 2022. But once McKee became aware of B&B's Motion for Entry of Default and the correct date service was completed, McKee determined that the motion would be premature.

On January 25, 2023, B&B moved for default judgment against McKee, seeking $1.8 million in damages and attorney's fees, costs, and interest.

## DISCUSSION

McKee has moved to vacate a default judgment under Rule 60(b). But the Court has not entered a default judgment against McKee. Rather, the Clerk of Court has entered McKee's default pursuant to Rule 55(a) for McKee's failure to plead or otherwise defend.

The relief McKee seeks is clear: an opportunity to dispute personal jurisdiction and venue and assert other defenses. So the Court will construe the Motion to Vacate as a motion to set aside the Clerk's entry of default under Rule 55(c).

Under Rule 55(c), the Court may set aside an entry of default for good cause. "[T]he good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under [Rule] 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished) (citation omitted). It is the burden of the defaulting party to show the entry of default should be set aside. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

McKee has shown good cause to set aside the entry of default. Although he cited the wrong rule, McKee addresses the Tenth Circuit's Rule 55(c) considerations in the motion: willfulness, prejudice, and defenses. [Doc. No. 19 at 6–8].

The default does not appear to be willful, as McKee has explained why McKee missed the deadline to answer the Complaint or answer or otherwise respond to the Amended Complaint,[1] which is the operative complaint in this matter. *Cf. Davis v. TXO*

---

[1] McKee asserts that the Amended Complaint was addressed to Oklahoma, not Oregon, where McKee resides, and that McKee did not receive service of the Amended

*Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.") (citations omitted). The default arose out of inadvertence and unfortunate timing, not deliberate conduct for purposes of delay. McKee's motion also was filed within days of the Clerk's entry of default. Additionally, because this case is still in its early stages, the Court finds that any prejudice suffered by B&B here due to McKee's conduct is slight, especially given the preferred disposition of cases on their merits and the procedural history in this action. *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Further, McKee appears to raise several potentially meritorious defenses, including lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. *See also* McKee Aff. [Doc. No. 19-2]. The entry of default will be set aside.

## **CONCLUSION**

IT IS THEREFORE ORDERED that, upon Defendant SJ McKee's showing of good cause, the Motion to Vacate [Doc. No. 19] is GRANTED. The Clerk's Entry of Default [Doc. No. 15] is VACATED. Plaintiff B&B Texas Equipment, LLC's Motion for Default Judgment [Doc. No. 23] is DENIED.

IT IS FURTHER ORDERED that McKee shall answer, move against, or otherwise respond to the Amended Complaint [Doc. No. 6] by **June 21, 2023**.

---

Complaint. *See* [Doc. No. 19 ¶¶ 5–6; Doc. No. 19-2 ¶¶ 2, 18].

IT IS SO ORDERED this 7th day of June 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE