IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| B&B TEXAS EQUIPMENT LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00911-JD |
| ) | |
| SJ MCKEE, individually; ) | |
| USA AIRCRAFT BROKERS, INC.; ) | |
| and AERO-SPACE REPORT, INC., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is the Motion to Dismiss [Doc. No. 32] filed by Defendant SJ McKee ("McKee"). The Motion seeks dismissal of Plaintiff B&B Texas Equipment, LLC's ("B&B") First Amended Complaint [Doc. No. 6] under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction as to McKee. The Court also rules on B&B's Motion for Leave to Conduct Jurisdictional Discovery ("Discovery Motion") [Doc. No. 38] in connection with its analysis. Upon careful consideration, the Court grants the Motion to Dismiss by McKee as to personal jurisdiction and denies the Discovery Motion by B&B.

## I.   BACKGROUND

B&B is a Texas limited liability company with its principal place of business in Texas. First Am. Compl. [Doc. No. 6] ¶ 1.[1] B&B sought to sell an aircraft that was

---

[1] B&B is composed of two members, Robert Campbell and William Campbell, both of whom are citizens of Texas. *Id.* ¶ 2.

located in Oregon. *See id.* ¶ 10; McKee Aff. [Doc. No. 32-2] ¶¶ 3–5. B&B engaged McKee, a citizen of Oregon, to help B&B find a buyer for the aircraft. First Am. Compl. ¶¶ 3, 10–13. McKee works under a broker agreement with USA Aircraft Brokers, Inc. ("Brokers"), and Brokers is a Louisiana corporation with its principal place of business in Louisiana. *Id.* ¶¶ 4, 13.

McKee found Jose Oliverio Angulo ("Angulo") and negotiated a contract with him on B&B's behalf. *See id.* ¶ 11; McKee Aff. ¶ 19; *see also* Experimental Amateur-Built Aircraft Purchase and Sale Agreement with Waiver and Release of Liability (hereinafter, "Agreement") [Doc. No. 32-1]. The agreed price for the aircraft was $1,350,000. Agreement ¶ 2. The contract set forth that the funds for the aircraft would be transmitted to an escrow account. *Id.* ¶ 3. B&B and Angulo agreed to use Aero-Space Reports, Inc. ("ASRI") as manager of the escrow account and funds. *See id.* ¶¶ 12, 34; McKee Aff. ¶¶ 7, 11; First Am. Compl. ¶¶ 10–14. ASRI is an Oklahoma corporation with its principal place of business in Oklahoma. First Am. Compl. ¶ 5.

McKee mailed the fully executed contract between B&B and Angulo to ASRI. *Id.* ¶ 12; McKee Aff. ¶¶ 7, 19. Although it is not entirely clear why, the sale of the aircraft fell through and ASRI returned the funds in escrow to Angulo. First. Am. Compl. ¶ 14. This suit was then filed by B&B against McKee, ASRI, and Brokers. B&B alleges that the transaction was not completed due to the negligence of McKee for whom Brokers was responsible in its hiring, retention, training, and supervision, and that ASRI wrongly

returned the entirety of the escrow funds to Angulo. *See id.* ¶¶ 14, 25, 28.[2]

## II. LEGAL STANDARD

### A. Standard for 12(b)(2) Motion

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In the absence of an evidentiary hearing,[3] the plaintiff need only make a prima facie showing of personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support

---

[2] ASRI filed an answer asserting multiple affirmative defenses. *See* [Doc. No. 12]. Upon B&B's application, the Clerk entered a default against Brokers. [Doc. No. 34]. B&B then filed an Amended Motion for Default Judgment against Brokers. *See* [Doc. No. 37]. However, "[a]ccording to the rule announced in the venerable case of *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), in a case with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants." *Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394, 1996 WL 48857, at *2 (10th Cir. 1996) (unpublished).

The case against ASRI remains to be prosecuted by B&B, and this case concerns one alleged transaction involving a single aircraft with multiple defendants initially named and likely closely related defenses. The Court has the ability and discretion to manage its docket. At this time, and in management of its docket and in view of the authorities cited herein, the Court views B&B's Amended Motion for Default Judgment against Brokers as premature, and the Court denies that motion without prejudice to B&B refiling it at the appropriate time. *Cf. Lytle v. Hall*, No. 2:19-cv-619-TC-DAO, 2022 WL 195112, at *3 (D. Utah Jan. 21, 2022) (denying without prejudice the plaintiffs' request for a default judgment against defaulting defendants where the claims arose out of the same transactions of the defaulting and non-defaulting defendants and there was a motion for summary judgment pending against the non-defaulting defendant).

[3] "District courts have discretion to hold or deny an evidentiary hearing to determine personal jurisdiction." *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Can., Ltd.*, 703 F.3d 488, 494 (10th Cir. 2012). Here, neither party has requested an evidentiary hearing on this issue, and the Court sees no reason to hold one.

jurisdiction over the defendant." *Id.* Allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. *Wenz*, 55 F.3d at 1505. "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.* "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

### B. Principles of Personal Jurisdiction

"The law of the forum state and constitutional due process limitations govern personal jurisdiction in federal court." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). Oklahoma's long-arm statute provides that Oklahoma courts may "exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." 12 Okla. Stat. § 2004(F). The Oklahoma Supreme Court has interpreted this statute as conferring jurisdiction over a nonresident to the limits permitted by the United States Constitution. *Montgomery v. Airbus Helicopters, Inc.*, 414 P.3d 824, 829 (Okla. 2018). Thus, "the only relevant inquiry" is "whether the United States Constitution places any limits on Oklahoma's ability to exercise jurisdiction." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).

Due process requires both that the defendant "purposefully established minimum contacts within the forum State" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). "Depending on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Old Republic*, 877 F.3d at 903; *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. ----, 141 S. Ct. 1017, 1024 (2021) (same).

"General personal jurisdiction means that a court may exercise jurisdiction over an out-of-state party for all purposes." *Old Republic*, 877 F.3d at 903. General jurisdiction exists over a defendant "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citation omitted). General jurisdiction is not related to "events giving rise to the suit" and, therefore, "courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Old Republic*, 877 F.3d at 904 (citation omitted).

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor*, 141 S. Ct. at 1024. For specific jurisdiction to attach, "the defendant must have purposefully directed its activities at residents of the forum state," *Old Republic*, 877 F.3d at 904 (citations omitted), and the plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum," *Ford Motor*, 141 S. Ct. at 1025 (citations omitted).

### III. <u>ANALYSIS</u>

McKee argues that he should be dismissed from the suit without prejudice because the Court does not have personal jurisdiction over him. B&B acknowledges it "cannot contest or dispute the facts currently in the record" on personal jurisdiction but asks the Court for jurisdictional discovery because it would like "to investigate [McKee's] contact with the jurisdiction." *See* [Doc. No. 38] at 4, 2.[4]

#### A. **The Court does not have personal jurisdiction over McKee.**[5]

A contract with an out-of-state party is, on its own, not enough to establish sufficient minimum contacts. *See Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). "'[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' . . . 'must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.'" *Far W. Cap., Inc. v. Towne*, 46 F.3d

---

[4] In addition to requesting jurisdictional discovery, B&B asks the Court "to issue an Order extending [B&B's] time to file a response" to McKee's Motion to Dismiss "until jurisdictional discovery is completed." *Id.* at 1. B&B did not file a response to McKee's Motion to Dismiss or request an extension before the deadline had passed. *See* LCvR7.1(g). Because the Court determines that jurisdictional discovery is not appropriate in this case and B&B provides no explanation of why its failure to file a timely response was not due to excusable neglect, the Court declines to provide B&B an extension. *See* Fed. R. Civ. P. 6(b)(1)(B).

[5] Because the Court does not have personal jurisdiction over McKee, it does not need to address McKee's alternative arguments regarding venue and joinder.

6

1071, 1075 (10th Cir. 1995) (quoting *Burger King*, 471 U.S. at 479).

Here, McKee did not have a contract with ASRI—the only Oklahoma company that was a party to the transaction. Instead, B&B and Angulo were the parties that agreed to use ASRI as their escrow manager. The product—the aircraft—never entered Oklahoma. Although McKee mailed documents to ASRI in Oklahoma, the record does not show that he visited Oklahoma, solicited business in Oklahoma, contracted with an in-state party, had continuing relationships or obligations with residents of the state, engaged in significant activities within the state, or somehow availed himself of the benefit of doing business in Oklahoma. Accordingly, B&B has not met its burden of showing the Court has personal jurisdiction over McKee.

  **B.**  **The Court denies B&B's motion for jurisdictional discovery.**

A district court should permit jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (unpublished). "'[T]he burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery . . . .'" *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (unpublished) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010)) (alterations in *Grynberg*).

Here, there are no controverted jurisdictional facts. B&B and McKee both agree that McKee mailed documents to ASRI in Oklahoma. B&B provides no other facts tying

McKee to Oklahoma either for this specific transaction or in general. B&B even concedes in its briefing that it "cannot contest or dispute the facts currently in the record without discovery." Further, B&B requests discovery but does not give the Court any indication what jurisdictional facts discovery would uncover. Because B&B's proposed discovery requests seek general information relating to McKee's aircraft transactions and all related documents, B&B's motion "seems almost like an attempt to 'use discovery as a fishing expedition' rather than to obtain needed documents . . . ." *Breakthrough Mgmt.*, 629 F.3d at 1190 (quoting *Anthony v. United States*, 667 F.2d 870, 880 (10th Cir. 1981)); *see also Grynberg*, 490 F. App'x at 105 (same). "'Given the very low probability that the lack of [jurisdictional] discovery [will affect] the outcome of this case,'" the Court denies B&B's motion. *Grynberg*, 490 F. App'x at 103 (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).

## IV.   CONCLUSION

For these reasons, the Court concludes that B&B has failed to make a prima facie showing that the Court has personal jurisdiction over McKee. Consequently, the Court GRANTS McKee's Motion to Dismiss [Doc. No. 32] and DISMISSES B&B's amended complaint [Doc. No. 6] as to McKee without prejudice. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216–17 (10th Cir. 2002) (concluding that a dismissal for lack of personal jurisdiction is without prejudice to refiling in an appropriate forum). The Court DENIES B&B's Discovery Motion [Doc. No. 38] and DENIES B&B's Amended Motion for Default Judgment [Doc. No. 37] without prejudice to resubmission.

IT IS SO ORDERED this 19th day of October 2023.

                                                JODI W. DISHMAN
                                                UNITED STATES DISTRICT JUDGE